# Court of Appeals.

*January,* 1886.

## PEOPLE *v.* CIPPERLY.

(Reversing 3 *N. Y. Crim. Rep.* 385.)

### ADULTERATION OF MILK.

The legislature may prohibit the sale of milk below a certain standard, whether such milk be unwholesome or not.

A law may describe an offense by a general word, and then provide that the word shall include certain specified things.

The dissenting opinion of LEARNED, P. J., in the case at General Term adopted as its opinion by the Court of Appeals.

APPEAL by the people, respondent, from a judgment of the General Term of the Supreme Court in the third department, of September, 1885, reversing a conviction of the defendant, Arthur Cipperly, of selling adulterated milk, in violation of *Laws* 1884, chapter 202.

The facts and briefs of counsel will be found in 3 *N. Y. Crim. Rep.* 385. The dissenting opinion of Judge LEARNED, adopted as its opinion by the Court of Appeals, will be found at page 401 of that volume.

*D. Cady Herrick,* district attorney, for the people, appellant.

*Eugene Burlingame,* for defendant, respondent.

PER CURIAM.—Upon the argument of this case we were of the opinion that the respondent failed to show any ground upon which the judgment appealed from could be supported, but in view of the importance of. the question raised and difference in the court below concerning it, took further time for its consideration. We still think the judgment wrong, and for reasons sufficiently stated by Judge LEARNED, who dissented in the General Term of the Supreme Court (3 *N. Y. Crim.* 385; 37

*Hun*, 324), the judgment of that court should be reversed and the judgment of the Special Sessions affirmed.

All concur except MILLER, J.

NOTE.—Similar statutes were held constitutional in State *v.* Smyth, **14** *R. I.* 100 ; 51 *Am. Rep.* 344 ; Commonwealth *v.* Evans, 132 *Mass.* 11, and State *v.* Newton, 45 *N. J. Law.* 463.